**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anna Madrid,<br><br>             Plaintiff,<br><br>vs.<br><br>Maricopa County et al.,<br><br>             Defendants. | No. CV-10-2031-PHX-GMS<br><br>**ORDER** |

Pending before the Court are Defendants' Motion for Summary Judgment (Doc. 52), and two Motions for Ruling on the summary judgment motion. (Docs. 54, 56). For the reasons given below, the motions are granted.

**BACKGROUND**

Plaintiff's claims arise from her experience as a pre-trial detainee in the Maricopa County Jail system from May 12 to May 28, 2009. Before she entered custody, she had sustained a severe injury to her right arm, and she claims that jail officials and medical staff failed to treat her injury properly. Her complaint contained a cause of action pursuant to 42 U.S.C. § 1983 based on a violation of her Eighth and Fourteenth Amendment rights, and also contained a number of state law claims, including negligence, gross negligence, medial malpractice, and failure to provide medical care. (Doc. 1-1, Ex. A). The case was removed to federal court on September 22, 2010. (Doc. 1).

On April 27, 2011, the Court granted in part and denied in part Defendants' Motion to Dismiss. (Doc. 14). Discovery and settlement negotiations, took place over the next eight months. (Docs. 40–49). On January 26, Plaintiff's attorney moved to withdraw from the case because Plaintiff had become non-responsive and non-communicative; the Court granted leave to withdraw the next day. (Docs. 50, 51). Defendants moved for summary judgment on February 14, 2012. (Doc. 52). Despite being issued a warning that failure to respond would be considered as consent to the granting of the motion, Plaintiff has not filed a responsive memorandum. (Doc. 55).

## DISCUSSION

### I.  Legal Standard

Under the Local Rules, a party must file a responsive memorandum within fourteen days of a motion's filing. LRCiv. 7.2(c). Failure to respond "may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily." LRCiv 7.2(i). "Although [the Court] construe[s] pleadings liberally in their favor, pro se litigants are bound by the rules of procedure. *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (citing *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

### II.  Analysis

Plaintiff has not responded to Defendants' summary judgment motion. When she first failed to meet the deadline, she was offered additional time, and was explicitly informed by the Court that failing to respond would be considered consent to the granting of the motion. (Doc. 55). The Court has examined the motion and finds that it has merit—Plaintiff has failed to rebut any of Defendants' evidence that the prison medical staff were not deliberately indifferent to her serious medical needs, and has not provided an expert witness on the standard of care in support of her medical malpractice claims. Plaintiff's failure to respond is thereby construed as consent to granting summary judgment in favor of Defendants, and the Court will "dispose of the motion summarily." LRCiv 7.2(i).  Defendant's motion is granted and the case is dismissed.

**IT IS THEREFORE ORDERED:**

1. Defendants' Motion for Summary Judgment (Doc. 52) is **granted**.
2. Defendants' two Motions for Ruling (Docs. 54, 56) are **granted**.
3. The Clerk of Court is directed to **terminate this lawsuit**.

DATED this 31st day of May, 2012.

/s/ A. Murray Snow
G. Murray Snow
United States District Judge